### Jeannette B. Simonton et al. v. Cicero Lumber Co.

1. MECHANICS' LIENS—*Right of Owner to Complete Work Abandoned by Contractor.*—Under section 22 of the mechanics' lien law, the sub-contractors and material men, or any of them. upon the abandonment of the work by the contractor, shall have the right to complete the same. In case they do not choose to do so the owners have the right to complete the work.

2. SAME—*What Are Not Payments to Contractor in Violation of the Rights and Interest of the Sub-Contractors, Under Section 22.*—Payments made to the contractor in the form of checks to particular persons named therein for labor and material are not wrongful payments under section 22 of the mechanics' lien law.

Bill for a Mechanic's Lien.—Appeal from the Circuit Court of Cook County; the Hon. CHARLES H. DONNELLY, Judge presiding. Heard in this court at the October term, 1902. Reversed. Opinion filed January 27, 1903. Rehearing denied April 10, 1903.

ELAM L. CLARKE, attorney for appellants; J. F. SNYDER, of counsel.

GEORGE C. MASTIN and CHARLES R. WHITMAN, attorneys for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.
On February 10, 1899, appellant Maria B. Simonton

entered into a written contract with A. A. Stansbury, a contractor, to erect a dwelling house, stable and kennel upon certain premises in an addition to Highland Park in Lake county.   The contract price was $4,434 and the work was to be completed by May 1, 1899.   The title to the premises appears to have been in appellant Jeannette B. Simonton, the daughter of Maria B. Simonton, who made the contract, but the contract is treated as though made for the benefit of both the appellants, and all checks and orders appear to have been signed by Jeannette B. Simonton.

At the request of appellants' attorney the contractor, on April 6th, after the work was under way, furnished them with a sworn statement, showing the names and addresses of all persons having sub-contracts for work and material, together with the several amounts to become due to them and when such amounts would be due.   Said statements included an item of $870 to the Cicero Lumber Company for lumber.   The total amount of this statement, including the contractor's estimate for carpenter work and painting, which he stated he was doing by day's work, was $4,212, of which amount the contractor, as appears from his affidavit, had already paid $266.99.   On September 9, 1899, the contractor abandoned the work unfinished.   At that time there had been paid out by appellants on the contract the sum of $3,955.80, of which the sum of $734.25 was for extras, leaving the amount of $3,221.55 paid on the original contract price.   There was therefore in the hands of the appellant a balance of $1,212.45 from the contract price to complete the unfinished contract and pay the unsettled bills.   The owners proceeded to complete the work according to contract in the main, leaving a few things, however, undone.   On June 22, 1899, the Cicero Lumber Company filed a bill for a mechanic's lien against appellants and Stansbury, the contractor, claiming there was due and unpaid to it the sum of $404.22.   Amendments were afterward made to the bill and on June 9, 1900, appellants filed their answer.   The proofs were taken and after a

hearing the court entered a decree in favor of appellee, finding that there was due to appellee from the contractor, Stansbury, the sum of $404.22 on said contract, together with $55.69 interest; that Stansbury abandoned his contract and failed and neglected to complete the same; that appellants have already paid out and will necessarily have to pay out to finish the buildings, in accordance with the terms of the contract with Stansbury, the sum of $1,092.98 over and above the contract price; decrees that Stansbury pay appellee, within twenty days, the sum found due it as above stated, together with a solicitor's fee of $40.42, aggregating the sum of $500.33 and the costs of suit; decrees the sale of said premises if said debt and costs are not so paid; and provides that Stansbury pay appellants said sum of $1,092.98, paid out and to be paid by them for finishing the building, in excess of the contract price, and that in default of his making such payment within twenty days, execution issue therefor.

Jeannette B. and Maria B. Simonton appeal from the decree. No cross-errors were assigned by appellee and as to it the findings of the decree must be taken as true.

Section 22 of the mechanics' lien law provides:

" When the contractor shall have failed to perform, and abandoned his part of the contract, the sub-contractors and material men, or any of them, shall have the right to complete the same, and shall be entitled to a reasonable compensation therefor in proportion to the price stipulated for the whole."

As in this case the contractor, Stansbury, abandoned his contract before it was completed, the sub-contractors could, under the law, had they so desired, have finished the work. They did not, however, choose to do so, and the owners, therefore, had a right to complete the work.

The same section of the mechanics' lien law provides :

" In no case, except as hereinafter provided, shall the owner be compelled to pay a greater sum for or on account of such house, building or other improvements, than the price or sum stipulated in said original contract, or agreement, unless payment be made to the contractor, or to his order, in

violation of the rights and interest of the persons intended to be benefited by this act."

The facts in this case do not bring it within the exception provided by the law, and consequently appellants could not be compelled to pay a greater sum than the amount stipulated in the original contract, unless the payment they made to the contractor was in violation of the rights and interest of the sub-contractors. Section 32 of the same act provides that, should the contractor fail to complete his contract, a sub-contractor may file his petition against the owner and contractor " and decree shall be entered against the owner and contractor for so much as the work and materials shall be shown to be reasonably worth, according to the original contract price, first deducting so much as shall have been rightfully paid on said original contract by the owner, and damages, if any, that may be occasioned the owner, by reason of the non-fulfillment of the original contract."

The proofs in this case show and the decree finds that appellants will have to pay to finish their buildings and improvements, in accordanee with the terms of the contract, the sum of $1,092.98, over and above the contract price. Appellants, therefore, can not be held liable under the law to make further payments to a sub-contractor, for work and material furnished prior to the time the work was abandoned by Stansbury, the contractor, unless the amounts paid by appellants to the contractor, prior to the time he abandoned the contract, were made in violation of the rights and interests of such sub-contractor.

The statement furnished by the contractor shows payments made by appellants up to and including September 8, 1899, amounting to $3,935.05.

The contractor, Stansbury, testified that the payments, shown by the statement introduced in evidence, and sworn to by him, were made directly to him, and it is therefore argued by appellee, that such payments were made in violation of its rights as a sub-contractor. The statement itself, however, shows that the payments were made by

checks to particular persons therein named, and that only five of them were made to the contractor. Of these five, three were designated by the statement as checks given to pay labor, one to pay for extras and only one, and that for the amount of $10 to the contractor without any limitation. The contractor did not testify, nor did appellee prove that labor was not paid for with the checks indicated as given for that purpose. On the other hand, appellants prove by Jeannette B. Simonton, that all of these amounts were paid out for labor and material. In fact two of the payments mentioned in the statement, amounting to $424, are noted therein as having been paid by check to appellee.

Appellee acknowledges the receipt of these amounts by giving credit for the same. Certain other checks were to other sub-contractors named in the list of sub-contractors, furnished to appellants by Stansbury. Deducting from the $3,935.05 shown by the statement of the contractor to have been paid before he abandoned the work, the amounts therein designated as having been paid to the sub-contractors named in the notice furnished appellants by the contractor on April 6, 1899, which amount to $2,032.33, and there is a balance of $1,902.72. Deducting from this $734.25, which was the amount charged by the contractor for extra work as testified to by him, there remains a balance of $1,168.47 shown by the proofs to have been paid for labor. Eight hundred dollars of this labor was included in the statement above referred to as furnished by the contractor to appellants on April 6, 1899, and if this amount be deducted from the total amount expended for labor, there is left only the sum of $368.47. Even if this balance of $368.47 should be charged against appellants, yet that amount is far less than the sum of $1,092.98, which the decree found the owners have expended and will expend to complete the contract, over and above the contract price. It follows that appellants have not made any wrongful payments in violation of the rights and interests of appellee, such as would justify a decree giving appellee a lien upon the real estate in question. The decree of the court below is therefore reversed.